**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanessa Santiago, | No. CV 07-1981-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Valley of the Sun Jewish Community Center, Inc., | |
| Defendant. | |

"Before bringing suit under Title VII, a plaintiff must exhaust the administrative remedies available under section 2000e-5." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Specifically, a Title VII plaintiff "must file a discrimination charge with the Equal Employment Opportunity Commission and receive a right-to-sue letter from the Commission." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). "Failure to observe these requirements renders a suit subject to dismissal in the absence of any equitable consideration to the contrary." *Id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Plaintiff does not allege that she filed a discrimination charge with the Equal Employment Opportunity Commission, nor does she allege that she received a right-to-sue letter. Accordingly,

**IT IS ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff shall file an amended complaint that properly alleges exhaustion of administrative remedies, or the Clerk of the Court shall dismiss this case without prejudice;[1]

**IT IS FURTHER ORDERED** that, in the event Plaintiff timely files an amended complaint, Defendant shall respond to the amended complaint within twenty (20) days of properly receiving it;

**IT IS FURTHER ORDERED** that all pending motions (Doc. ## 15, 18, and 21) are denied without prejudice as moot.

DATED this 26th day of March, 2008.

James A. Teilborg
United States District Judge

---

[1] "When the district court dismisses a pro se Title VII complaint on the ground that plaintiff has failed to allege [exhaustion of administrative remedies], . . . plaintiff must be granted leave to amend the pleading to cure the defect." *Karim-Panahi*, 839 F.2d at 626.

- 2 -